IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 1:12-bk-06672-RNO |
| JOSEPH P. MAUZ | : | |
| | : | |
| | : | CHAPTER 7 |
| Debtor | : | |
| ************************************ | : | ************************************ |
| | : | |
| WILLIAM A. LINK, and | : | |
| KIMBERLY A. LINK | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH P. MAUZ | : | |
| | : | |
| Defendant | : | ADVERSARY NO. 1:13-ap-00053-RNO |

**OPINION**[1]

In this non-dischargeability action, both the Plaintiffs/Creditors and the Defendant/ Debtor have moved for summary judgment. The Creditors ground their Motion on the purported collateral estoppel effect of a prepetition state court judgment which was entered after a bench trial. The Debtor bases his summary judgment Motion upon an alleged lack of proof concerning a necessary element for non-dischargeability. For the reasons stated below, the judgment Creditors' Motion for Summary Judgment is granted in part and denied in part. The Debtor's Motion for Summary Judgment is denied.

---

[1] Drafted with the assistance of Christopher S. Manzi, Juris Doctor Candidate 2014, University of Pittsburgh, School of Law; Judicial Intern.

**I.     JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

**II.    FACTS AND PROCEDURAL HISTORY**

Joseph Mauz ("Debtor") filed his petition for Chapter 7 bankruptcy relief on November 19, 2012. On March 7, 2013, this Adversary Proceeding was commenced by the filing of a Complaint to Determine Dischargeability of Debt. The Complaint prays that the claim of $217,000.00 by William A. and Kimberly A. Link ("Links") be held nondischargeable on the theory of willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6)[2]. This claim originates from a State Court judgment in which the Links were awarded $217,100.00 in damages, including $50,000.00 in punitive damages. The majority of the damages were awarded for the Debtor's intentional infliction of emotional distress upon the Links.

The Debtor and the Links were neighbors who lived on adjoining properties in York County, Pennsylvania. There was friction between the neighbors which took the form of several criminal and civil complaints, a boundary dispute, an assault and battery event, and a trespass event. These ill-fated interactions ultimately resulted in a civil action ("State Court Action") brought by the Links against the Debtor and his spouse in the Court of Common Pleas of York County, Pennsylvania ("State Court") on November 9, 2007. The matter went to trial on September 24, 2012.

The original complaint in the State Court Action contained three alleged causes of action

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

2

which are relevant here: (1) assault and battery; (2) trespass; and, (3) intentional infliction of emotional distress. Compl. to Determine Dischargeability of Debt Ex. A; Compl. to Determine Dischargeability of Debt Ex. B, at 11.

The non-dischargeability complaint filed herein consists of only twelve numbered paragraphs and is three pages in length ("Adversary Complaint").

The Adversary Complaint was filed with four exhibits. Exhibit A is a copy of the twenty-two-page State Court complaint. Exhibit B is a copy of the twenty-three-page non-jury trial verdict entered in the State Court Action. Exhibit C is a two-page punitive damages order entered in the State Court Action. Exhibit D is a three-page post-trial motion order entered in the State Court Action.

The Adversary Complaint alleges that the Debtor is liable to the Links, ". . . in the amount of $217,000.00 on account of intentional infliction of emotional distress as more fully set forth in the proceeding [sic] paragraphs." Compl. to Determine Dischargeability of Debt ¶11. The Debtor filed a timely answer to the Adversary Complaint largely denying its allegations as legal conclusions.

On May 21, 2013, the Links filed a Motion for Summary Judgment. The Links' Motion for Summary Judgment contends that the judgment entered in the State Court Action should be afforded collateral estoppel effect in this Adversary Proceeding. On June 27, 2013, the Debtor filed his Motion for Summary Judgment alleging that the State Court judgment did not contain a necessary element for finding that the Links' claim is non-dischargeable pursuant to § 523(a)(6). Briefs and Statements of Material Fact have been filed by both parties and the matters are now ripe for decision.

3

### III. DISCUSSION

#### A. Standard to Decide a Motion for Summary Judgment Under F.R.B.P. 7056

Federal Rule of Bankruptcy Procedure 7056 incorporates and makes applicable to bankruptcy proceedings Rule 56 of the Federal Rules of Civil Procedure. Pursuant to Rule 56, the court shall grant summary judgment to the moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Therefore, the movant has the burden to prove the absence of genuine issues of material fact. *In re Madera*, 363 B.R. 718, 724 (Bankr. E.D. Pa. 2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In evaluating the evidence, the court must view the facts in the light most favorable to the non-moving party and draw all inferences in favor of that party. *In re Shull*, 493 B.R. 453, 455 (Bankr. M.D. Pa. 2013) (internal citations omitted).

Throughout my analysis, I must view the facts in the light most favorable to the subject non-moving party. The Debtor, for purposes of the Links' Motion; and the Links for purposes of the Debtor's Motion.

#### B. Collateral Estoppel

The Links state in their Motion for Summary Judgment that they are entitled to judgment as a matter of law based on collateral estoppel grounds. Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior lawsuit. *Witkowski v. Welch*, 173 F.3d 192, 198-199 (3d Cir. 1999) (internal citations omitted). The doctrine of collateral estoppel is applicable in bankruptcy non-dischargeability proceedings. *In re Bertolotti*, 470 B.R. 356, 359-360 (Bankr. W.D. Pa. 2012). The Links maintain that the issues already decided in the State

4

Court should not be relitigated here. Pls.' Br. in Supp. of Mot. for Summ. J. 5.

Whether to apply Federal or State collateral estoppel principles to a particular issue is well-trodden ground and I agree with the parties that Pennsylvania collateral estoppel rules should apply. *See Delaware River Port Authority v. Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002) ("A federal court looks to the law of the adjudicating state to determine its [the State Court judgment's] preclusive effect."); *Smith v. Cowden (In re Cowden)*, 337 B.R. 512, 529 (Bankr. W.D. Pa. 2006) ("The Court . . . must apply corresponding state principles with respect to decisions rendered by a state court.").

Although similar to Federal principles, the Third Circuit has described the Pennsylvania doctrine of collateral estoppel to apply when:

> (1) An issue decided in a prior action is identical to one presented in a later action; (2) The prior action resulted in a final judgment on the merits; (3) The party against whom collateral estoppel is asserted was a party to the prior action, . . . (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Jones v. United Parcel Service*, 214 F.3d 402, 405-06 (3d Cir. 2000) citing *Rue v. K-Mart Corp.*, 552 Pa. 13, 713 A.2d 82, 84 (Pa. 1998).

Here, the prior action was actually litigated and resulted in a final judgment on the merits after a bench trial. Both the Debtor and the Links were parties to the prior action, and each had a full and fair opportunity to litigate the issue in the prior action. No appeal was taken from the State Court judgment and it is undisputed that the judgment became final. Def.'s Br. (1) in Opp'n to Pls.' Mot. for Summ. J. and (2) in Supp. of Def.'s Mot. for Summ. J. 2. A central question remains, was the issue of "willful and malicious injury" decided in State Court?

5

### C. Non-Dischargeability Under § 523(a)(6)

The standard of proof for the dischargeability exceptions in § 523(a), including that for willful and malicious injury claims, is the preponderance-of-the-evidence standard. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991); *Insurance Company of North America v. Cohn (In re Cohn)*, 54 F.3d 1108, 1114 (3d Cir. 1995); *In re Branam*, 226 B.R. 45, 52 (9th Cir. B.A.P. 1998).

Section 523(a)(6) excepts the discharge of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity".

Section 523(a)(6) requires that the injury by the debtor be both willful and malicious. The United States Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) narrowly defined the phrase "willful and malicious" as limited to intentional torts. The Court held that the word "willful" modifies the word "injury," so that non-dischargeability requires that the debtor intended "the consequences of the act" and not simply "the act itself". *Id.* at 61-62. The Third Circuit has held that actions are willful and malicious if ". . . they either have the purpose of producing injury or have a substantial certainty of producing injury". *In re Glenn*, 470 B.R. 731, 736 (Bankr. M.D. Pa. 2012); *In re Conte*, 33 F.3d 303, 308-309 (3d Cir. 1994); *In re Elwood*, 319 B.R. 371, 373-374 (E.D. Pa. 2005).

### D. Issues Decided in the State Court Action

#### i. Assault and Battery

The State Court's decision includes a finding that there is, "[n]o doubt in the Court's mind Mr. Mauz assaulted and battered Mr. Link." Compl. to Determine Dischargeability of Debt Ex. B, at 11. The details of the assault are sparse, but it is apparent from the State Court decision that the Debtor caused some injury upon William Link, and that there was visible

6

scratching and bruising. Compl. to Determine Dischargeability of Debt Ex. B, at 14.

Under Pennsylvania law, an assault is an intentional attempt to use injurious force and a battery is a completion of that attempt. *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (Pa. 1994); *Cook v. Vernachio*, No. 1025 C.D. 2007, 2008 WL 9396736, at *3 (Pa. Cmlth. May 14, 2008).

There is significant authority that damages for the intentional tort of assault and battery are non-dischargeable under § 523(a)(6). *In re Lucotch*, 342 B.R. 469 (Bankr. W.D. Pa. 2006) (if the creditor obtained a judgment in state court for assault and battery, the claim would necessarily be non-dischargeable under § 523(a)(6)). Significantly, a debtor's actions are willful and malicious under § 523(a)(6) if they either have a purpose of producing injury or have a substantial certainty of producing injury. Further, liabilities arising from assault or assault and battery are generally considered as founded upon a willful and malicious injury and are, therefore, within the exception. *In re Granoff*, 250 Fed. Appx. 494, 495-496 (3d Cir. 2007) (internal citations omitted); *In re Hermosilla*, 430 B.R. 13, 24-25 (Bankr. D. Mass. 2010) (unliquidated assault claim damages non-dischargeable pursuant to § 523(a)(6)).

Regarding William Link's damage claim for $1,500.00, I conclude that the State Court Action effectively determined the dischargeability issue. I find that the state law elements for assault and battery satisfy the willful and malicious standard for non-dischargeability. Therefore, the Links' Summary Judgment Motion is partially granted, in the amount of William Link's damage claim of $1,500.00 for assault and battery.

  **ii. Trespass**

The Pennsylvania Superior Court has described the tort of trespass on land as follows:

7

"[t]o maintain trespass, there must be in the plaintiff either actual possession or the right to immediate possession flowing from the right of property; and he must have been deprived of it by the tortious act of another." *Florig v. Estate of O'Hara*, 912 A.2d 318, n.13 (Pa. Super. 2006) citing *Roncace v. Welsh*, 14 Pa. Super. 170, 14 A.2d 616, 617 (1940).

In this record, any injury from trespass is difficult to discern because there is no specific finding of any particular damage to person or property from the trespass. A finding of injury is essential to a finding of non-dischargeability under § 523(a)(6). I cannot conclude that the State Court Action effectively decided this issue for purposes of the Adversary Proceeding. I conclude that the $500.00 awarded to the Links in the State Court Action for trespass may or may not be dischargeable in the Debtor's Chapter 7 proceeding. Therefore, I deny the Links' Motion for Summary Judgment regarding the trespass damages award.

### iii. Intentional Infliction of Emotional Distress and Punitive Damages

Exhibit C to the Adversary Complaint is a post trial order entered in the State Court Action. Therein, the State Court indicated that it recalculated ". . . the total amount of the verdict, which is now correctly calculated to be $137,100. . . ." Compl. to Determine Dischargeability of Debt Ex. D, at 3. However, as noted above, in the Adversary Complaint, the Links seek a determination that their claim against the Debtor in the amount of $217,000.00 is non-dischargeable. My surmise is that, post trial, the State Court intended to reduce the damages originally awarded in favor of William Link from $156,000.00 to $137,100.00. I note that this sum, plus the $30,000.00 of damages awarded to Kimberly Link, plus the $50,000.00 of punitive damages awarded to the Links equals a total of $217,100.00.

It is clear that the State Court awarded Kimberly Link $30,000.00 of damages against the

8

Case 1:13-ap-00053-RNO    Doc 25    Filed 08/28/13    Entered 08/28/13 11:16:38    Desc
Main Document    Page 8 of 11

Debtor for the intentional infliction of emotional distress. Given the present record, I am unable to determine the precise amount awarded in favor of William Link against the Debtor for the intentional infliction of emotional distress. Both of these damage claims by the Links will hereinafter be referred to as "IIED Damages".

The Third Circuit has predicted that the Supreme Court of Pennsylvania would recognize the tort of intentional infliction of emotional distress as described in the Restatement (Second) of Torts § 46 (1965). *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 218 (3d Cir. 2001); *Williams v. Guzzardi*, 875 F.2d 46, 50 (3d Cir. 1989). The tort of intentional infliction of emotional distress has also been recognized by at least one Pennsylvania intermediate court. See *Hoy v. Angelone*, 456 Pa. Super. 596, 691 A.2d 476, 482 (1997).

Generally, four elements must be established to prove a claim of intentional infliction of emotional distress: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and, (4) that distress must be severe. *Doe v. Liberatore*, 478 F. Supp.2d 742, 765 (M.D. Pa. 2007); *Zeglen v. Miller*, No. 04-1940, 2007 WL 5005243, *6 (M.D. Pa. Nov. 30, 2007).

I reemphasize that in considering the Links' Motion for Summary Judgment, I must view the facts in the light most favorable to the Debtor. My review of the State Court decision concerning the award of the IIED Damages is complicated by the fact that the State Court decision does not contain any case citations. Neither does the State Court opinion contain specific factual findings. The State Court decision does include, "[h]owever, the evidence in this case persuades me that Mr. Mauz [Debtor] did engage in a course of conduct. He did so willfully. He did so intentionally and I find as a fact that he did so with the intent to inflict

9

emotional distress on Mr. Link." Compl. to Determine Dischargeability of Debt Ex. B, at 11.

While the State Court found that the Debtor committed the intentional tort of the infliction of emotional distress, it made no finding that the Debtor took these acts with the purpose of producing injury. Neither can I find that the acts in and of themselves – principally, complaining phone calls made by the Debtor to the police and township officials – had a substantial certainty of producing injury. As I noted above, the predicted Pennsylvania state law for proof of intentional infliction of emotional distress could be satisfied with a showing that the conduct was reckless. Recklessness would not meet the non-dischargeability standard under § 523(a)(6).

Last year, the First Circuit Bankruptcy Appellate Panel considered a non-dischargeability action which was premised upon a California state court finding of intentional infliction of emotional distress. The Bankruptcy Appellate Panel's decision quotes the first element of the intentional tort under California law, namely, a showing of "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; . . ." *Bradley v. Bradley (In re Bradley)*, 466 B.R. 582, 587 (1st Cir. B.A.P. 2012). The Bankruptcy Appellate Panel noted that there was an insufficient record to determine whether the intentional infliction of emotional distress was done with the intention to injure, or with reckless disregard to the probability of causing injury. The Bankruptcy Appellate Panel concluded that there was a lack of identity of issues between the state court's determination and the requirements for a finding of non-dischargeability under § 523(a)(6). It therefore reversed the bankruptcy court's grant of summary judgment to the plaintiff/creditor. *Id.* at 589-590.

I agree with the analysis in *Bradley v. Bradley*. Applying the analysis to the findings in

10

the State Court Action here yields a similar result. I cannot conclude that the State Court decision meets the standard for determining the dischargeability of the IIED Damages. Since I cannot conclude that the Links are entitled to judgment as a matter of law, the Links' Motion for Summary Judgment concerning the IIED Damages is denied.

## IV. CONCLUSION

Summary judgment is granted in favor of the Plaintiff, William Link, and against the Debtor in the amount of $1,500.00 as a non-dischargeable claim for assault and battery. The remainder of the Links' Motion for Summary Judgment is denied. The Debtor's Motion for Summary Judgment is denied in that this matter will proceed to trial on all issues except for the determination of the non-dischargeability of the damages awarded for the assault and battery. An Order will be entered consistent with the foregoing Opinion.

By the Court,

Date: August 28, 2013

Robert N. Opel, II, Bankruptcy Judge
(BI)