IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE:<br>JOSEPH P. MAUZ | | Chapter | 7 |
| | Debtor(s) | Case Number: | 1-12-bk-06672 RNO |
| WILLIAM A. LINK<br>KIMBERLY A. LINK | | | |
| | Plaintiff(s) | Adversary Number: 1-13-ap-00053 RNO | |
| v.<br>JOSEPH P. MAUZ | | Document No.: | 39 |
| | Defendant(s) | Nature of<br>Proceeding: | Plaintiffs' Motion for Leave to<br>File Amended Complaint |

## OPINION

This Adversary Proceeding was originally commenced as a non-dischargeability action. The Plaintiffs/Creditors have now moved to amend their Complaint to make certain technical amendments to Count I of the non-dischargeability Complaint. The Amended Complaint also contains a new Count II which raises objections to the Debtor/Defendant's Chapter 7 discharge. For the reasons stated below, I will grant leave to file the Amended Complaint regarding Count I but deny leave to file Count II of the proposed Amended Complaint.

**I.     JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

**II.    FACTS AND PROCEDURAL HISTORY**

A more complete procedural history and recitation of facts may be obtained by reviewing a prior decision in this Adversary Proceeding, *Link v. Mauz (In re Mauz)*, 496 B.R. 777 (Bankr. M.D. Pa. 2013).

The procedural history in the prior Opinion is incorporated by reference.

For today's purposes, I offer the following procedural background. Joseph Mauz ("Debtor") filed his Petition for Chapter 7 bankruptcy on November 19, 2012. On March 7, 2013, this Adversary Proceeding was commenced by the filing of a Complaint to Determine Dischargeability filed by William A. and Kimberly A. Link ("Links"). The original Complaint contained a single count and sought to have the Links' claim against the Debtor excepted from any bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(6),[1] based upon a claim of willful and malicious injury.

On February 6, 2014, the Links filed a two count Amended Complaint ("Amended Complaint"), together with a Motion for Leave to File Amended Complaint. I will treat this as a motion for leave to file an amended complaint pursuant to F.R.B.P. 7015(a)(2) and (c). The Amended Complaint makes certain technical amendments to Count I of the original Complaint. More significantly, the Amended Complaint adds Count II which objects to the Debtor's Chapter 7 discharge based upon alleged violations of § 727(a)(4), the so called "false oath" section.

The Debtor opposes the Motion for Leave to File the Amended Complaint. The matter has been briefed and a hearing was held on May 22, 2014, to allow counsel for the Links and the Debtor to offer oral argument. The matter is now ripe for decision.

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

## III. DISCUSSION

### A. Leave to Amend the Non-Dischargeability Claim Will Be Granted.

Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7015 makes Federal Rule of Civil Procedure 15 applicable to adversary proceedings such as the case at bar.

Federal Rule of Civil Procedure 15(a)(2) provides, in part, "[t]he court should freely give leave [to amend] when justice so requires." Generally, whether or not to grant leave to amend is within the discretion of the trial court. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993).

The original Complaint contained a total of twelve paragraphs and sought a finding that the Links' claim against the Debtor be held non-dischargeable pursuant to the provisions of § 523(a)(6), the willful and malicious injury exception. The proposed amendments to Count I of Complaint are technical in nature. For example, paragraph seven of the original Complaint made reference to a state court judgment entered by the Court of Common Pleas of York County in favor of the Links and against the Debtor in the amount of $186,000.00. The Amended Complaint changes the amount of the judgment to $186,**100**.00. Similarly, paragraph nine of the original Complaint alleged the same state court, having considered post-trial motions, recalculated damages as to the Plaintiff, William Link, in the amount of $137,000.00. Paragraph nine of the Amended Complaint alleges recalculated damages in the amount of $137,**100**.00.

The proposed amendments regarding the non-dischargeability claim are based upon the same set of operative facts alleged in the original Complaint. The Debtor had fair notice - since the time he was served with the original Complaint - that he would

3

have to defend such a claim. I find that allowing these limited amendments will not burden the Debtor by requiring, for example, the time and expense of additional pre-trial discovery and preparation.

The Debtor has not interposed any real opposition to the proposed amendments to Count I contained in the Amended Complaint. I will grant the Motion for Leave to File Amended Complaint concerning Count I, the non-dischargeability claim.

**B.     The Intersection of F.R.B.P. 7015 and F.R.B.P. 4004**

Federal Rule of Bankruptcy Procedure 4004(a) provides, in part:

> **(a)   Time for objecting to discharge; notice of time fixed**
>
> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

In the Debtor's underlying Chapter 7 case, the § 341 meeting was originally scheduled for January 16, 2013, and the deadline for filing objections to discharge was set for March 10, 2013. March 10, 2013, was a Sunday. Federal Rule of Bankruptcy Procedure 9006(a)(1)(C) provides that, if the time period for taking any action expires on a Sunday, the period will continue until the next day that is not a Sunday. I conclude that the deadline for filing timely objections to discharge in the Debtor's case was Monday, March 11, 2013 ("Discharge Objection Deadline"). Again, the Amended Complaint was filed on February 6, 2014, more than ten months after the Discharge Objection Deadline.

Before examining the other provisions of F.R.B.P. 4004, I will proceed to analyze the Motion for Leave to File Amended Complaint, which adds an objection to discharge,

4

Case 1:13-ap-00053-RNO    Doc 61    Filed 06/10/14    Entered 06/10/14 09:52:20    Desc
Main Document      Page 4 of 17

under the provisions of F.R.C.P. 15(c). This portion of Rule 15 allows an amendment to a pleading to relate back to the date of the original pleading, under certain circumstances. I again note that the Links' original non-dischargeability Complaint was filed on March 7, 2013, prior to the Discharge Objection Deadline in this case.

What are some of the factors a court should consider in determining whether an amendment to a pleading relates back to the date of the original pleading? Rule 15 itself states one of the requirements for relation back as, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; . . . ." Fed. R. Civ. P. 15(c)(1)(B). In determining whether relation back is appropriate, courts typically compare the factual allegations of the original and amended pleadings. Where the amendment pleads facts which are not within the nexus of the original pleading, leave to amend under F.R.C.P. 15(c)(1) may be denied. *In re Biederman*, 165 B.R. 783, 789-90 (Bankr. D.N.J. 1994). In *Biederman*, Judge Winfield noted, "[c]ourts that focus on Bankruptcy policy considerations have held that additional or new grounds for objections may not be added by way of an amendment filed after the deadline for filing complaints objecting to discharge has passed." *Id.* at 791.

Bankruptcy Judge Walsh considered a motion for leave to file an amended complaint in a preference avoidance action. He described the significant variance between the original and the amended complaint. The original complaint identified six transactions and sought an alleged preference recovery of approximately $2.8M. The amended complaint identified thirty-nine transactions and sought an alleged preference recovery of $7.9M. Judge Walsh noted, "essentially, we have a whole new set of

5

Case 1:13-ap-00053-RNO    Doc 61    Filed 06/10/14    Entered 06/10/14 09:52:20    Desc
Main Document      Page 5 of 17

specific transactions set forth in the proposed amended complaint." *In re MBC Greenhouse Co.*, 307 B.R. 787, 792 (Bankr. D. Del. 2004). Judge Walsh explained that one of the foci of a Rule 15(c) analysis is whether the original pleading provided the defendant with sufficient notice of what must be defended against in the amended pleading. *Id.* at 792. The motion to amend the preference complaint was denied.

Here, the Amended Complaint is not based upon the same set of alleged facts as the original Complaint; neither is it a case where the Links seek to expound upon the facts originally pled. The original Complaint contained a total of twelve paragraphs. Nearly all of the allegations in the original Complaint related to the Debtor's course of conduct which resulted in a 2012 state court judgment against him and in favor of the Links. The original Complaint largely sought to have the state court judgment given collateral estoppel effect regarding the Links' non-dischargeability claim. By contrast, the Amended Complaint contains a total of 111 paragraphs. The factual allegations in Count II of the Amended Complaint raise entirely new sets of allegations against the Debtor. For example, the Amended Complaint alleges that the Debtor failed to properly schedule his ownership interest in a piece of real estate. Am. Compl., ECF No. 56, ¶¶ 16-29. The Amended Complaint also, for the first time, makes numerous allegations concerning the alleged falsity of entries in the Debtor's Schedules of Assets and Liabilities. By way of illustration, the Amended Complaint contains allegations that the Debtor overstated his obligations on Schedule F - Creditors Holding Unsecured Nonpriority Claims. Am. Compl., ECF No. 56, ¶¶ 38-54. Further, the Amended Complaint alleges that the Debtor failed to schedule all of his personal property in Schedule B - Personal Property. Am. Compl., ECF No. 56, ¶¶ 55-81.

6

I conclude that there is nothing in the original Complaint which provided the Debtor fair notice that he would be required to defend against the new matters complained of in Count II of the Amended Complaint. The original non-dischargeability Complaint essentially alleged the predicate facts giving rise to the September 2012, judgment against the Debtor. Count II of the Amended Complaint raises allegations which are different in nature and which are alleged to have occurred during different time periods.

The Debtor argues that allowing Count II of the Amended Complaint would prejudice him. His argument includes:

> There are no facts in the original pleading that would give
> any notice of a 727 claim, nor do any facts asserted in
> support of new 727 claim appear in the (523) original
> complaint. . . . Finally, there is undue and extreme prejudice
> to Debtor if a claim under 727, asserting new facts and new
> legal theories, is added at this point in time (over a year after
> the bar date).

Def.'s Br. in Opp'n to Pls.' Mot. for Leave to File Am. Compl., ECF No. 53, 11-12.

I conclude that Count II of the Amended Complaint, for which leave was sought on February 6, 2014, is not entitled to relation back to the Discharge Objection Deadline under the provisions of F.R.B.P. 7015(c)(1). The Third Circuit has noted that relation back, under Rule 15(c), is more circumscribed than leave to amend under Rule 15(a). *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). Further, under Rule 15(c)(1)(B), an amendment to a pleading relates back where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (internal citations omitted).

The Links make an additional argument for allowance of the amendment adding Count II. They argue that I should consider the provisions of F.R.B.P. 4004(b)(2) in my determination of whether or not to grant leave to file Count II of the Amended Complaint. The Debtor counters that Rule 4004(b)(2) is inapplicable because the Links never filed a motion to extend the Discharge Objection Deadline. I find it is appropriate to consider that Rule as a backdrop for consideration of the subject Motion for Leave to File Amended Complaint and will do so in the next section of this Opinion.

### C. Leave to Amend to Add an Objection to Discharge Will Be Denied

#### i. Rule 4004 Provisions

The procedure and time limits for filing objections to a bankruptcy discharge provide:

> **Rule 4004. Grant or Denial of Discharge**
>
> **(a) Time for objecting to discharge; notice of time fixed**
>
> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). In a chapter 11 case, the complaint shall be filed no later than the first date set for the hearing on confirmation. In a chapter 13 case, a motion objecting to the debtor's discharge under § 1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.
>
> **(b) Extension of Time**
>
> **(1)** On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the

> motion shall be filed before the time has expired.
>
> **(2)** A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(a) & (b). In the previous section of this Opinion, I indicated my intention to consider the provisions of F.R.B.P. 4004(b)(2) as a backdrop for the Links' Motion for Leave to add a Count II, an objection to discharge. Federal Rule of Bankruptcy Procedure 4004(b)(2) was added to the Rule by amendment in 2011. The Advisory Committee note provides, in part:

> Subdivision (b) is amended to allow a party, under certain specified circumstances, to seek an extension of time to object to discharge after the time for filing has expired. This amendment addresses the situation in which there is a gap between the expiration of the time for objecting to discharge and the entry of the discharge order. If, during that period, a party discovers facts that would provide grounds for revocation of discharge, it may not be able to seek revocation under § 727(d) of the Code because the facts would have been known prior to the granting of the discharge. Furthermore, during that period the debtor may commit an act that provides a basis for both denial and revocation of the discharge. In those situations, subdivision (b)(2) allows a party to file a motion for an extension of time to object to discharge based on those facts so long as they were not known to the party before expiration of the deadline for objecting. The motion must be filed promptly after discovery of those facts.

Fed. R. Bankr. P. 4004(b)(2) advisory committee's note.

9

### ii. Case Law Under Rule 4004(b)

Before considering application of provisions of F.R.B.P. 4004(b)(2), I offer a review of some of the case law on the provisions of F.R.B.P. 4004(b)(1). This subsection of the Rule allows a party, for cause, to move to extend the time to object to discharge - by filing a motion before the discharge objection period has expired.

I agree with the reasoning of a line of cases which hold that merely filing a motion to extend the discharge bar date is not, in and of itself, enough. Clearly, something was meant by the use of the term "for cause" within F.R.B.P. 4004(b)(1). It is important to bear in mind that the discharge of a debtor's personal obligations to his creditors is the hallmark of bankruptcy relief. Section 727, which provides for a Chapter 7 discharge, subject to certain narrow exceptions, should be construed liberally in favor of the debtor. The Third Circuit has noted that "denying a debtor his discharge, as opposed to avoiding a transfer or declining to discharge an individual debt pursuant to § 523, is an extreme step and should not be taken lightly." *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993).

In light of the importance of the bankruptcy discharge - which has been referred to as "the heart of the fresh start" - it is important to require objecting creditors to diligently and promptly either assert an objection, or move to extend the discharge deadline. *Id.* Several cases decided under F.R.B.P. 4004(b)(1) support these propositions. If a party has sufficient notice and information to file a timely objection to discharge, no extension is appropriate. *In re Chatkhan*, 455 B.R. 365, 368 (Bankr. E.D.N.Y. 2011) (discussing majority view that there is no cause to extend the objection deadline where the creditor failed to diligently pursue discovery prior to expiration of the

10

deadline); *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (whether cause for an extension under 4004(b) has been stated includes consideration of whether the creditor exercised due diligence). Any motion to extend the discharge objection deadline must be filed before the time period has expired and the creditor must demonstrate at least a reasonable degree of due diligence in order to be granted an extension. *In re Desiderio*, 209 B.R. 342, 344 (Bankr. E.D. Pa. 1997). Further, when considering an F.R.B.P. 4004(b) extension motion, a bankruptcy court may consider, "whether the creditor had sufficient information to file an objection [prior to the deadline expiration] and whether the creditor exercised diligence." *In re Vinson*, 509 B.R. 128, 133 (Bankr. S.D. Ohio. 2013).

I now turn to the relatively recent amendments to the Rule which added the provisions of F.R.B.P. 4004(b)(2). I previously quoted from the Advisory Committee's notes regarding the purpose of this amendment. Namely, to allow a creditor, who first learned of grounds for revocation of a discharge under § 727(d), after expiration of the objection deadline, to promptly move for an extension of the time to object to discharge. In my view, the factors which courts have traditionally applied to extension motions under F.R.B.P. 4004(b)(1) should apply with equal, if not greater, force to motions under F.R.B.P. 4004(b)(2).

My research has not uncovered many reported cases discussing F.R.B.P. 4004(b)(2). I will refer to three of those cases below. Those cases - together with reported cases under F.R.B.P. 4004(b)(1) - coupled with the Rule 7015 considerations addressed in Section B above, have all served as useful guideposts in reaching my decision concerning the proposed amendment adding an objection to discharge. The

Links' Brief in Support of the Motion for Leave to File Amended Complaint cites *421 Chestnut Partners, LP, et al. v. Aloia (In re Aloia)*, 496 B.R. 366 (Bankr. E.D. Pa. 2013). Pls.' Br. in Supp. of Pls.' Mot. for Leave to File Am. Compl., ECF No. 52, 8. In *421 Chestnut Partners*, Bankruptcy Judge Fox considered the debtor's motion to dismiss, as untimely, a three count complaint by a creditor which, *inter alia*, raised a § 727 objection to discharge. The plaintiff/creditor also moved, in the Chapter 7 case, to extend the time for filing a complaint objecting to discharge based upon F.R.B.P. 4004(b)(2).

In *421 Chestnut Partners*, the discharge objection deadline was set for December 2, 2012. *Id.* at 370. A § 341 meeting was held on October 3, 2012, and the plaintiff/creditor's counsel questioned the debtor's representative, Mr. Aloia, about certain accounts receivable which were listed in Schedule B - Personal Property. The § 341 meeting was continued and the plaintiff's counsel again questioned Mr. Aloia regarding the accounts receivable and their status. Also, the debtor and the Chapter 7 trustee stipulated that the deadline for objections to discharge, from the trustee or from the Office of the United States Trustee, was extended to February 4, 2013. Neither the Chapter 7 trustee nor the United States Trustee ultimately filed a discharge objection in the case. The adversary complaint filed by the plaintiff/creditor alleged that the defendant/debtor had omitted assets from his schedules and "lied under oath when filing his schedules, testifying at the Section 341 Meeting of creditors and subsequent filings." *Id.* at 375.

Judge Fox agreed with other courts' views that a party seeking relief under F.R.B.P. 4004(b)(2) must demonstrate a degree of diligence in investigating the debtor's financial affairs prior to the expiration of the discharge objection deadline. His opinion includes:

> First, Bankruptcy Rule 4004(b)(1) expressly requires a demonstration of "cause" for the grant of any extension. As noted above, it has long been held that a component of cause under Rule 4004(b)(1) is a showing of diligence. Since Rule 4004(b) in paragraph (1) provides that paragraph (2) was added solely as an exception to the requirement that any motion for extension be filed prior to the expiration of the Rule 4004(a) deadline, relief under Rule 4004(b)(2) also requires a showing of cause, including diligence.
>
> Second, also as discussed above, creditor diligence has long been a requirement for revocation relief under section 727(d)(1). It is counterintuitive to conclude that a creditor seeking extension of the objection deadline prior to its expiration must demonstrate diligence, and a creditor seeking revocation for fraud after the bankruptcy discharge has been entered must also demonstrate diligence, but that a creditor seeking an extension during the gap period owing to the debtor's alleged fraud need not prove its diligence.

*421 Chestnut Partners, LP*, 496 B.R. at 385. Judge Fox held that, on the facts presented, the motion for an extension of time under F.R.B.P. 4004(b)(2) would be denied and the debtor's motion to dismiss the remaining count of the adversary complaint would be granted.

The requirements of F.R.B.P. 4004(b)(2) were also discussed by Bankruptcy Judge Teel when he considered a creditor's motion to extend the time to object to discharge. Judge Teel included the traditional F.R.B.P. 4004(b)(1) factors in deciding the creditor's motion under F.R.B.P. 4004(b)(2). The court numbered among those factors "whether the creditor exercised diligence." *In re Lusane*, No. 11-00889, 2013

13

WL 1728990, at *2 (Bankr. D.D.C. Apr. 22, 2013). The court in *Lusane* also discussed the debtor failing to cooperate in discovery requests and utilizing other delay tactics. On the record presented, Judge Teel found cause to grant the creditor an extension to file a complaint objecting to discharge under F.R.B.P. 4004(b)(2).

The Bankruptcy Court for the Northern District of Georgia has also considered F.R.B.P. 4004(b)(2)'s requirements. The Chapter 7 trustee argued for a gap period extension of the discharge objection deadline. The bankruptcy court found that one of the incidents giving rise to the trustee's claim arose prepetition. The court also noted that the incident - a transfer of property - was disclosed prior to the first scheduled § 341 meeting. Judge Diehl rejected the trustee's arguments, finding the "[t]rustee could have timely filed an objection to discharge prior to the objection bar date." *In re Bullock*, No. 10-4111, 2013 WL 2338620, at *6 (Bankr. N.D. Ga. Apr. 18, 2013).

### iii. The Links Cannot Obtain an Extension of Time Under Rule 4004(b)(2)

There are many parallels between the record considered herein and the record considered by Judge Fox in *421 Chestnut Partners*. Here too, the Chapter 7 Trustee timely moved for an extension of time for filing an objection to discharge. On April 8, 2013, an Order was filed to Docket No. 48, *inter alia*, extending the time for the Trustee to file a complaint objecting to discharge to June 15, 2013. The Trustee in the Debtor's case never filed a complaint objecting to discharge.

As in *421 Chestnut Partners*, here the Links' counsel questioned the Debtor under oath before the Discharge Objection Deadline. A § 341 meeting was held on March 4, 2013. A bankruptcy judge may take judicial notice of his or her own docket. *In*

14

Case 1:13-ap-00053-RNO    Doc 61    Filed 06/10/14    Entered 06/10/14 09:52:20    Desc
Main Document      Page 14 of 17

*re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, No. 85-00759F, 1991 WL 284107, at *12 (Bankr. E.D. Pa. Jan. 11, 1991). I take judicial notice of the docket entries both in the Debtor's underlying Chapter 7 case and in this Adversary Proceeding.

The transcript of the § 341 meeting examination of the Debtor was filed as Exhibit A to the Motion for Leave to File Amended Complaint at Docket No. 39. It is striking how much of the allegations contained in Count II of the Amended Complaint are based upon information contained in the transcript of the March 4, 2013, § 341 examination. On pages 15 and 16 of the transcript, the Links' counsel questioned the Debtor concerning the property where he resides, known as 1320 Millcreek Road. The transcript includes the following:

> Q. Did you formerly own that property?
>
> A. For 30-plus years, correct.
>
> Q. And when was that sold?
>
> A. I believe it was sold back in January - - January 13th of 2012.
>
> Q. Do you or Miss Austin have a copy of the HUD-1 from that settlement?
>
> A. I can very easily get that, yes.

Mot. for Leave to File Am. Compl. Ex. A, at 15:7-14. The Debtor went on to testify that the subject piece of real estate was sold to one Anne Hess. On page 16 of the § 341 transcript, the Debtor was questioned regarding his relationship to Ms. Hess. He answered, "[n]o, she's not a relative. She's my domestic partner." Mot. for Leave to File Am. Compl. Ex A, at 16:14-15.

15

The Amended Complaint alleges, at paragraph 18:

> Debtor testified at the meeting of Creditors that he resided with his "domestic partner", Anne in Hershey, PA for three months prior to Ms. Hess' purchase of 1320 Millcreek Road from the Debtor and Debtor's spouse on January 13, 2012, which Debtor had owned for "30 plus years."

Am. Compl. to Determine Dischargeability of Debt 3, ECF No. 39.

The 341 meeting transcript also included questioning of the Debtor by the Links' counsel concerning an unsecured claim in favor of Anne Hess in the amount of $175,000.00, included in Schedule F - Creditors Holding Unsecured Nonpriority Claims. The Debtor was questioned for several pages concerning Ms. Hess' purchase of the Millcreek Road property and the funding therefor. Mot. for Leave to File Am. Compl. Ex. A, at 24-27.

Paragraph 21 of the Amended Complaint alleges:

> During the Meeting of Creditors, Debtor testified as to a scheme or arrangement by which the said $175,000.00 loan from Anne Hess represented one-half the value of 1320 Millcreek Road and that Debtor had an agreement with Anne Hess that Debtor owed Anne Hess said $175,000.00 for Debtor's right to buy back one-half interest in 1320 Millcreek Road.

Am. Compl. to Determine Dischargeability of Debt 4, ECF No. 39.

There are numerous other allegations contained in the Amended Complaint which can be gleaned from Debtor's answers to questioning at the § 341 meeting.

My review of the record leads me to conclude that the Links, like the trustee in *Bullock*, had sufficient information to file an objection to discharge prior to the Discharge Objection Deadline. I also conclude that the Links' failure to move to extend the Discharge Objection Deadline prior to its expiration, pursuant to F.R.B.P. 4004(b)(1),

16

Case 1:13-ap-00053-RNO    Doc 61    Filed 06/10/14    Entered 06/10/14 09:52:20    Desc
Main Document      Page 16 of 17

shows a lack of diligence, under the circumstances presented.

**IV.    CONCLUSION**

Federal Rule of Bankruptcy Procedure 7015(a)(2) authorizes the amendments to the non-dischargeability claim pled in Count I of the Amended Complaint.  Neither F.R.B.P. 7015(c) nor F.R.B.P. 4004(b)(2) authorize the proposed amendment adding the Count II objection to discharge.  I, therefore, deny the Motion for Leave to File Amended Complaint to the extent it sought to add Count II, an objection to discharge.  However, nothing contained in this Opinion is meant to imply that this Court countenances anything less than a good faith full disclosure of a debtor's assets and liabilities.

A disposition order will be entered consistent with the foregoing Opinion.

By the Court,

*[signature]*

Date: June 10, 2014

Robert N. Opel, II, Bankruptcy Judge

(BI)

17